Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

**SEALED BY ORDER OF THE COURT**
**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 2007

at 2 o'clock and 55 min P M
SUE BEITIA, CLERK

U.S.A. vs. SIMEON AGAO, JR., aka "Jay"          Docket No. CR 02-00025SOM-01

**REQUEST FOR COURSE OF ACTION**
**(Statement of Alleged Violations of Supervised Release)**

   COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of SIMEON AGAO, JR., aka "Jay," who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 3rd day of June 2002, who fixed the period of supervision at five (5) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1. The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2. The defendant is prohibited from possessing any illegal or dangerous weapons.

   3. The defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

   4. Restitution of $25,650.00 is due immediately to the First Hawaiian Bank, Security Department, Post Office Box 1959, Honolulu, Hawaii; and $2,188.41 is due immediately to Bank of Hawaii, Security Department, Post Office Box 2900, Honolulu, Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

   On 2/3/2004, Your Honor modified the subject's conditions of supervision as a result of his noncompliance to include:

   5. That the defendant perform thirty-two (32) hours of community service as directed by the Probation Office.

   On 6/30/2004, the Court revoked the subject's supervised release for the following violations: 1) refusal to submit to drug testing on 3/3/2003, 11/14/2003, 12/10/2003, 12/26/2003, 1/9/2004, and 2/25/2004; 2) failure to report to the Probation Office on 12/15/2003, 4/2/2004, and 5/17/2004;

SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

3) failure to notify the Probation Officer ten days prior to any change in employment; and 4) failure to submit a monthly supervision report within the first five days of the month for the month of May 2004. The subject was sentenced to five (5) months imprisonment with fifty-five (55) months supervised release to follow. The following special conditions were imposed.

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. That restitution of $23,209.76 is due immediately to First Hawaiian Bank, Security Department, Post Office Box 1959, Honolulu, Hawaii; and $1,976.22 is due immediately to Bank of Hawaii, Security Department, Post Office Box 2900, Honolulu, Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

On 5/2/2005, Your Honor modified the subject's conditions of supervision as a result of his noncompliance to include:

6. That the defendant perform twenty-four (24) hours of community service as directed by the Probation Office.

On 7/5/2005, the Court revoked the subject's supervised release for the following violations: 1) submitting positive urine specimens for methamphetamine on 4/12/2005, 4/26/2005, and 6/7/2005; 2) refusing to comply with drug testing on 5/9/2005, 5/17/2005, 6/9/2005, and 6/24/2005; 3) failure to follow the Probation Officer's instructions, when he failed to submit to DNA collection on 6/22/2005; and 4) failure to make a restitution payment for the months of April 2005, May 2005, and June 2005. The subject was sentenced to nine (9) months imprisonment, to be followed by forty-six (46) months of supervised release. The following special conditions were imposed:

1. That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That restitution of $23,053.36 is due immediately to First Hawaiian Bank, Security Department, Post Office Box 1959, Honolulu, Hawaii; and $1,962.62 is due immediately to Bank of Hawaii, Security Department, Post Office Box 2900, Honolulu, Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

On 1/5/2007, the Court modified the conditions of supervised release as a result of his noncompliance to include:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. The subject's urine specimen of 1/15/2007 tested positive for methamphetamine, in violation of Standard Condition No. 7 and the General Condition.

2. The subject admitted using methamphetamine on 1/13/2007 and 1/20/2007, in violation of Standard Condition No. 7 and the General Condition.

3. The subject refused to comply with drug testing on 9/11/2006, 11/15/2006, 11/23/2006, and 12/11/2006, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 1/29/2007

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 29th day of January, 2007, and ordered filed and made a part of the records in the above case.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **AGAO, JR., Simeon, aka "Jay"
      Criminal No. CR 02-00025SOM-01
      REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Bank Fraud. He was sentenced by Your Honor on 6/3/2002 to one (1) month imprisonment and five (5) years supervised release. The subject began his first supervised release term on 7/26/2002. On 6/30/2004, supervised release was revoked and Your Honor sentenced the subject to five (5) months imprisonment to be followed by fifty-five (55) months of supervised release. The subject began his second supervised release term on 11/24/2004. On 7/5/2005, supervised release was revoked and Your Honor sentenced the subject to nine (9) months imprisonment to be followed by forty-six (46) months of supervised release. The subject began his third supervised release term on 3/30/2006. The special conditions are noted on pages 2 and 3 of the petition.

**Violation Nos. 1 and 2 - Urine Specimen of 1/15/2007 Tested Positive for Methamphetamine; and Admitted Using Methamphetamine on 1/13/2007 and 1/20/2007**: As part of Special Condition No. 1, the subject was referred to Freedom Recovery Services (FRS) for substance abuse counseling and random drug testing. On 1/15/2007, the subject submitted a urine specimen at FRS, which tested positive for methamphetamine. This test was later confirmed to be positive by a laboratory. When confronted, the subject initially denied using any illicit drugs and stated that he had only taken cold medication. The subject was informed by this officer that it was not possible for over-the-counter cold medication to create a false positive for methamphetamine. The subject eventually admitted to using methamphetamine on 1/13/2007.

On 1/22/2007, this officer conducted an unannounced home inspection of the subject's residence at 5:15 p.m. Per the General Condition, the subject was instructed to submit a urine specimen for testing. The urine specimen was tested using a non-instrumented drug testing device (NIDTD) and found to be positive for methamphetamine. The subject again initially denied using any illicit drugs but eventually admitted to using methamphetamine again on 1/20/2007. The specimen was forwarded to a laboratory and our office has not yet received the results.

It is worth noting that on 10/18/2006 and 11/16/2006, the subject submitted urine specimens which were presumptively positive for methamphetamine. On each occasion, the subject denied using any illicit drugs and blamed his positive result on over-the-counter cold medications. Both of these tests were later confirmed to be negative for methamphetamine. Even so, it creates some question as to how long the subject may have been using methamphetamine.

Re:     AGAO, JR., Simeon, aka "Jay"
        Criminal No. CR 02-00025SOM-01
        REVOCATION OF SUPERVISED RELEASE
        STATEMENT OF FACTS - Page 2

**Violation No. 3 - Refusing to Comply With Drug Testing on 9/11/2006, 11/15/2006, 11/23/2006, and 12/11/2006**: Per the special condition, the subject was referred for random drug testing at FRS. On 9/11/2006, 11/15/2006, 11/23/2006, and 12/11/2006, the subject failed to submit a urine specimen for testing at FRS. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing.

With respect to the drug tests on 9/11/2006, 11/15/2006, and 11/23/2006, the subject stated that he simply forgot to call FRS. On each occasion, the subject was admonished and warned to take his drug testing more seriously. With respect to the drug test on 12/11/2006, the subject stated that he worked late and by the time he returned home, FRS was already closed for drug testing. The subject was instructed to have his immediate supervisor contact this officer to confirm that he worked late on 12/11/2006. The subject was also reprimanded for not calling ahead of time if he knew that he would be working late. Our office has never received any contact from the subject's supervisor confirming that he worked late.

This is now the subject's third revocation proceeding. It is very concerning to our office that the subject has continued his use of methamphetamine after being afforded outpatient counseling on three occasions. The subject declined an offer to attend a residential substance abuse program. Based on the above, we respectfully recommend that the Court issue a no bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

*Frank M. Condello II*

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*Timothy M. J___*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:  AGAO, JR., Simeon, aka "Jay"
     Criminal No. CR 02-00025SOM-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 3

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     Simeon Agao, Jr.                                    Docket No.  CR 02-00025SOM-01

     Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of FORTY-SIX (46) MONTHS commencing upon release from confinement (3/30/06).

     The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

     The defendant shall not commit another federal, state, or local crime.

     The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   04/03/06
SIMEON AGAO, JR.                    Date
Defendant

_____              4/3/06
FRANK M. CONDELLO, II               Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:  AGAO, JR., Simeon
     Docket No. CR 02-00025SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1. That the defendant shall participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The Court also ordered that restitution of $ 23,053.36 is due immediately to the First Hawaiian Bank, Security Department, Post Office Box 1959, Honolulu, Hawaii; and $1,962.62 is due immediately to Bank of Hawaii, Security Department, Post Office Box 2900, Honolulu, Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    04/03/06
          SIMEON AGAO, JR.                    Date
          Defendant

_____    4/3/06
FRANK M. CONDELLO, II              Date
U.S. Probation Officer